

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

FILED
Sep 03, 2025
11:00 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

| | |
|---|---|
| Shirley Smith | Docket No. 2023-08-0115 |
| v. | State File No. 860087-2023 |
| Walbridge Construction, et al., | |
| and | |
| Troy Haley, as Administrator of the Bureau of Workers' Compensation Subsequent Injury and Vocational Recovery Fund | |
| Appeal from the Court of Workers' Compensation Claims Shaterra R. Marion, Judge | |

---

## Affirmed and Certified as Final

---

In this compensation appeal, the employee challenges the trial court's order granting the employer's motion for summary judgment. Following multiple discovery-related motions, the trial court imposed numerous sanctions on the employee due to her failure to participate in discovery. It then granted summary judgment to the employer based on its conclusion that, in response to the employer's properly-supported motion, the employee had failed to come forward with evidence creating any genuine issue of material fact as to an essential element of her claim. The employee argues that her former attorney is to blame for the actions that resulted in sanctions and that she should be allowed to proceed with her case. Having carefully reviewed the record, we affirm the trial court's decision and certify it as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Shirley Smith, Memphis, Tennessee, employee-appellant, pro se

1

Chancey R. Miller and Madison B. Greene, Chattanooga, Tennessee, for the employer-appellee, Walbridge Construction

Timothy Kellum, Memphis, Tennessee, for the appellee, Subsequent Injury and Vocational Recovery Fund

**Memorandum Opinion[1]**

Shirley Smith ("Employee") alleges she suffered injuries on September 12, 2022, while working on a construction site for Walbridge Construction ("Employer"). She filed a petition for benefit determination as a self-represented litigant on February 23, 2023. In her petition, Employee alleged she was instructed to enter a construction area and clean trash and debris out of a hole and that when she removed a "crosstie" from the hole, she fell, striking the right side of her body and sustaining multiple injuries. She also expressed her belief that other workers intentionally created circumstances to "sabotage" her.

Employer denied the claim on March 28, 2023, stating there had been "[n]o injury by accident or incident reported to [Employer]." Employer asserted that the incident described by Employee did not happen and that, even if it did happen, Employee did not provide proper notice of the accident. Mediation was unsuccessful, and a dispute certification notice was issued in June 2023.

On July 5, Employee filed a second petition for benefit determination, this time through counsel, alleging she was still in substantial pain and needed medical treatment.[2] On September 28, Employer propounded discovery on Employee and, thereafter, filed a motion to compel discovery responses and submitted a pre-hearing brief. The motion noted that the responses that had been received to date were neither complete nor verified. The court granted the motion and instructed Employee to respond to discovery on or before December 13.

On January 4, 2024, Employer filed a motion to dismiss Employee's case due to her failure to prosecute the case and her failure to comply with the court's December 7, 2023 order requiring her to provide certain discovery responses. In the alternative, Employer requested sanctions. On February 7, the trial court denied Employer's motion to dismiss Employee's claim, but it granted Employer's request for sanctions. Noting that exclusion of the evidence is the "usual sanction," the court prohibited Employee "from introducing any evidence at a trial, hearing, or motion hearing that she did not produce in verified

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

[2] According to the record, Bureau staff informed Employee's attorney that, because a petition was already pending and a dispute certification notice had already been issued placing the case before the trial court, the second petition would not be "processed."

responses to [Employer's] discovery requests by the date of the hearing." That order was not appealed.

Thereafter, Employee's attorney filed a witness list and an exhibit list. Employer filed a motion to strike all but one of the exhibits on the exhibit list, asserting that the trial court's February 7 order prohibited the submission of the exhibits because they had never been produced during discovery. The court granted the motion to strike on February 28, and, on March 8, the court issued an expedited hearing order finding Employee was unlikely to prevail at a hearing on the merits in establishing her entitlement to benefits. That order also was not appealed.

In December 2024, the trial court entered a scheduling order, and Employee then unilaterally scheduled the deposition of a witness not previously disclosed to Employer. After Employer requested the contact information of the witness, Employee's counsel filed a motion for a protective order, asserting without substantiation that Employer's attorney intended to intimidate the witness.[3] The trial court denied the request for a protective order and instructed Employee to supplement her discovery responses. Employee attempted to appeal this order, but we dismissed that appeal as untimely.

On March 28, 2025, Employer filed a second motion to dismiss, asserting Employee had continued to defy the court's orders relative to cooperating in discovery. Employer also filed a motion for summary judgment on that day, accompanied by a statement of undisputed facts and a memorandum of law. In its motion, Employer emphasized that, because of her failure to comply with the court's orders regarding discovery, Employee was now prohibited from offering evidence that would support her assertion that she suffered a work-related injury. On May 6, in response to an oral motion made at the hearing on the motion for summary judgment, the court issued an order granting Employee additional time to respond to the motion for summary judgment.

The following day, the court entered an order denying Employer's motion to dismiss but granting its request for sanctions, again excluding the evidence Employee failed to provide to Employer through the discovery process. The court also extended the deadline for Employee to respond to Employer's second set of interrogatories, allowing her until May 12. Rather than responding to discovery on May 12, Employee's attorney emailed the court clerk that he was withdrawing from the case.[4]

---

[3] Employee's attorney had also argued previously that Employee had been unable to timely obtain some of her medical records because Employer's attorney had contacted the physician's office and instructed the office to withhold the records from Employee. This allegation was also made without proof.

[4] Employee's counsel was instructed to file a motion to withdraw, but he did not do so. The record reflects that Employee's counsel passed away on June 11, 2025, and Employee is proceeding in a self-represented capacity.

On May 14, the trial court issued an order granting Employer's motion for summary judgment. The court observed that Employee failed to respond to Employer's statement of undisputed facts and failed to offer any admissible evidence that she suffered a work-related injury. Consequently, the court found there were no disputed issues of material fact that would necessitate a hearing on the merits and granted the motion for summary judgment. Employee has appealed.

In both her notice of appeal and her brief, Employee argues that her attorney failed to prosecute her case properly, timely file documents, or otherwise observe his ethical obligations. Even if some or all such allegations are true, however, that does not absolve Employee of her obligation to prosecute her claim and comply with court orders. As the Tennessee Court of Appeals explained in *Terminix Int'l Co., L.P. v. Tapely*, No. 02A01-9701-CH-00028, 1997 Tenn. App. LEXIS 546, at *10 (Tenn. App. Aug. 4, 1997): "Tennessee courts have held that an attorney's negligence is not excusable neglect and that such negligence will be imputed to the client, with the client's only recourse being a malpractice action against the attorney." Here, Employee has presented no legal argument to support her contention that, given the repeated failures to comply with the court's orders and participate in discovery and the resulting sanctions, the trial court erred in granting Employer's motion and dismissing the case. In fact, in the context of a motion to dismiss, we have observed that

> failing to abide by a court's order is no small matter. *See Nashville Corp. v. United Steelworkers of Am.*, 215 S.W.2d 818, 821 (Tenn. 1948) ("The mandates of a [c]ourt . . . must in all cases be obeyed . . . promptly, faithfully and without question, or evasion."). Indeed, an involuntary dismissal can result from the failure to comply with a court's order standing alone. *See* Tenn. R. Civ. P. 41.02(1) (a case may be dismissed "[f]or failure . . . to prosecute *or* to comply with these rules *or* any order of court.") (emphasis added).

*Lightfoot v. Xerox Business Services*, No. 2015-01-0233, 2016 TN Wrk. Comp. App. Bd. LEXIS 43, at *22 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2016). In short, we cannot conclude that the trial court erred.

However, because this appeal challenges the grant of a motion for summary judgment, the inquiry does not end there. The grant or denial of a motion for summary judgment is a question of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.*

The Tennessee Supreme Court has established a two-pronged approach to the evaluation of a motion for summary judgment. *Rye*, 477 S.W.3d at 264. First, the moving party can succeed by "affirmatively negating an essential element of the nonmoving party's claim." *Id.* Second, the moving party can succeed by "demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim." *Id.* (emphasis in original). With respect to the second prong, the Supreme Court further explained:

> [A] moving party seeking summary judgment by attacking the nonmoving party's evidence *must do more than make a conclusory assertion that summary judgment is appropriate on this basis*. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial."

*Id.* (emphasis added). If the moving party properly supports its motion as required by Rule 56.03, the burden of production then shifts to the nonmoving party to show, by any means provided in Rule 56, "that there is a genuine issue for trial." *Id.* at 265.

Here, the court concluded Employer had demonstrated that Employee's evidence was insufficient to establish her claim and that she had not met her burden of establishing there was a "genuine issue for trial." We agree. Employee failed to cooperate in discovery and to comply with orders of the court concerning discovery. As a result, the trial court determined sanctions were appropriate and excluded portions of Employee's evidence, without which she was unable to meet her burden of production at the summary judgment stage.

For the foregoing reasons, we affirm the decision of the trial court and certify it as final. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Shirley Smith | Docket No.  2023-08-0115 |
| v. | State File No.  860087-2023 |
| Walbridge Construction, et al., | |
| and | |
| Troy Haley, as Administrator of the Bureau of Workers' Compensation Subsequent Injury and Vocational Recovery Fund | |
| Appeal from the Court of Workers' Compensation Claims Shaterra R. Marion, Judge | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of September, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Shirley Smith | | | | X | marie8558@yahoo.com |
| Chancey Miller | | | | X | cmiller@carrallison.com |
| Timothy Kellum | | | | X | timothy.kellum@tn.gov |
| Shaterra R. Marion, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov